FALKINBURG, Respondent, v. DAGGS, Appellant.

St. Louis Court of Appeals, March 29, 1904.

PARTIES: Verdict Conclusive. Where the testimony was conflicting as to whether the plaintiff was the sole party in interest, and the question was submitted to the jury by appropriate instruction, the verdict is conclusive.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*O. S. & G. M. Callihan* for appellant.

*Whiteside & Yant* for respondent.

GOODE, J.—This is an action to recover for services consisting of sawing timber and threshing grain rendered by the plaintiff to the defendant. A counterclaim was preferred for certain machinery, belting, lumber and other articles sold and furnished the plaintiff by the defendant.

Plaintiff had judgment and the defendant appealed.

But one point is made for a reversal and that is that John D. Falkinburg was not the sole party in interest, for the reason that the sawing and threshing were done by the firm of John D. Falkinburg & Son, an alleged partnership consisting of the plaintiff and his son James Falkinburg. Some things were said in the testimony of the plaintiff that look like he and his son were in partnership, while other portions of his testimony, and the testimony of James Falkinburg, go to prove that the latter was working for his father. It is inferable from the plaintiff's testimony that the work was done by him and his son James, or rather his two sons, and that he regarded it, as he says, as "a family matter." There was testimony, too, that he paid his son James for his work.

The issue of whether there was a partnership was submitted to the jury by appropriate instructions requested by the defendant, which told the jury that if they found there was, the plaintiff could not recover. There being contrary testimony on the subject, the finding of the jury in favor of the plaintiff is conclusive and the judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.